## STATE v. FRIEDRICH W. RADKE.[1]

January 9, 1925.

No. 24,431.

**Adjoining towns in different counties may establish town ditch.**

1. A town ditch may be established by adjoining towns, even though a county line divides them.

**Petition for town ditch sufficient as against stated objection.**

2. As against the objection, made for the first time in proceedings to collect the tax, that the petition for a town ditch was insufficient to confer jurisdiction in that it failed to set forth the necessity for the proposed drain and state that it would be of public benefit or promote the public health, it is sufficient that there was a showing of benefit to town highways, that the proposed drain would furnish an outlet for other proposed ditches; that it would give practical surface drainage along its course through the two towns; and that it would lessen the damage from flood water, the town boards having found that there was a necessity for the ditch and that the public health would be promoted thereby.

**Terminus designated in petition sufficient.**

3. It was sufficient for the petition to designate the lower terminus of the ditch as the "deepest point" in a specified lake.

**Objection to laterals.**

4. Defendant cannot now complain of the construction of two laterals not in the original plan, by at least one of which his land is benefited, the cost of the two not increasing by more than two per centum the expense of the entire project.

**Burden of proof not sustained by defendant.**

5. The burden of proof to show lack of statutory notice was upon defendant. In the absence of evidence on that issue the decision thereon properly went against him.

In proceedings in the district court to collect delinquent real estate taxes, Friedrich W. Radke filed his answer alleging that his

[1]Reported in 201 N. W. 613.

land was not in any respect taxable on account of a certain town ditch, because the proceedings for establishing said ditch were void. The matter was heard by Baker, J., who ordered judgment against Radke for the amount assessed, $4,904.75. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Daly & Barnard* and *Bert O. Loe,* for appellant.

*Paul D. Stratton* and *Freeman & Smith,* for respondent.

STONE, J.

The issues for determination on this appeal are raised by the answer in proceedings to collect the taxes for 1921 upon defendant's farm in the township of Echo, Yellow Medicine county. A substantial part of the tax is an annual installment of the portion of the cost of a public ditch assessed against the land of defendant. The decision below sustained the tax. This appeal is from the order denying defendant's motion for a new trial.

Defendant's resistance of the assessment is put upon the assumed invalidity of the proceedings. The ditch was established by the town boards of Echo in Yellow Medicine county and Kintire in Redwood county. Although in different counties the two townships are contiguous, having a boundary line in common. The proceedings were had under section 5634, et seq., G. S. 1913.

1. The first point made for defendant is that the statute does not authorize the crossing of a county line in a town ditch proceeding. The argument is based upon the following language of section 5635 as amended by section 14, c. 471, p. 625, L. 1919: "The town board of any town shall have the same powers of condemnation for the purpose of town drainage projects as are possessed by county boards in county ditch proceedings." It proceeds to the effect that, inasmuch as a county board cannot condemn lands beyond the boundaries of the county, it must follow that a town board is also limited by county lines. The trouble with that argument is that it ignores other and very plain provisions of the statute indicating that the legislature did not intend to stop a town ditch proceeding at a county line. It is clear from the statute that a town ditch may be established by and run into or through two or more towns. There

is nothing even remotely suggesting that adjoining towns desiring to establish a ditch common to the two should be thwarted in their purpose by the purely artificial circumstance that their common boundary coincides with a county line. The language giving town boards the same power of condemnation as county boards assumes that the territorial limits of the exercise of the power are those fixed by the applicable statutes, the county in one case and the affected town or towns in the other being the field of jurisdiction.

2. The next claim is that the petition was so fatally defective that it did not confer jurisdiction. This being a collateral attack, the defect must indeed be a serious one to insure the success of defendant's argument under this head. The point is that section 5635 requires a petition "setting forth the necessity" of the proposed drain, "and that it will be of public benefit or promote the public health." The only language of the petition approaching compliance with this requirement is that indicating that highways in both towns probably would be benefited; an outlet furnished for "the now proposed ditches numbers one and two, also many other outlets which can then be constructed;" that it would give practical surface drainage all along its course through the two towns; and finally that it would lessen the damage from flood water from "more elevated farm lands which have already been drained or which may be drained later by using the lower more dependent lands of their neighbors for an outlet." The statute requires no particular phraseology. State ex rel. Pederson v. Watts, 116 Minn. 326, 133 N. W. 971. In view of the findings by the town boards of the necessity for the ditch and the promotion thereby of the public health, it is not for us to say that the statements just referred to and found in the petition were not taken, and properly taken, as indicating and sustaining the conclusions required by the statute. See State ex rel. Utick v. Board of Co. Commrs. of Polk County, 87 Minn. 325 (335), 92 N. W. 216, 60 L. R. A. 161.

3. There is nothing in the claim that the designation of the lower terminus of the ditch "as the deepest point" in a specified lake is insufficient. There is no showing that the "deepest point" in the lake referred to was not in fact well known. We may safely assume that

nobody concerned, particularly the engineer in charge, had any difficulty in locating accurately the lower terminus of the drain.

4. Complaint is made because of the construction of two laterals, from at least one of which defendant's land received some benefit. Their cost was relatively insignificant and did not increase the total cost by more than the two per centum limited by section 5652. They were within the authority conferred by that section upon the engineer and the board "to modify the plans and specifications * * * as circumstances may require" within the limits stated.

5. It is futile for defendant to attempt now to raise the question of supposed lack of notice to him or his predecessor in interest. The order establishing the ditch carries with it the usual presumption of propriety of official action. The burden of proof of lack of notice was upon defendant, so that, aside from statements of counsel appearing in the record indicating that the question of notice was not in the case, the decision on this point was properly against defendant in any event. There is no evidence that the owner of the land at the time being was not given adequate notice of the proceedings. It must therefore be presumed that it was given.

Order affirmed.